RUDOLPH A. HARNOIS *vs.* QUANNAPOWITT DEVELOPMENT,
INC.; C & R DEVELOPMENT, INC., & another, third-party
defendants.

No. 92-P-159.

Middlesex. March 16, 1993. - September 10, 1993.

Present: FINE, JACOBS, & GREENBERG, JJ.

*Indemnity. Contract*, Construction of contract, Indemnity. *Statute*,
Construction.

An indemnity clause in a construction subcontract providing that the sub-
contractor indemnify the contractor for injury or damage not caused by
the subcontractor or its employees was void under the provisions of
G. L. c. 149, § 29C [288-289]; no other basis for sustaining the clause
having been raised, the judge correctly dismissed the contractor's claim
for indemnification [289].

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 5, 1989.

A motion for summary judgment on a third-party com-
plaint was heard by *John P. Sullivan*, J., and the case was
tried before *Thomas E. Connolly*, J.

*Kenneth T. Weafer* for Quannapowitt Development, Inc.

*Thomas C. Federico* for C & R Development, Inc.

GREENBERG, J. As between itself and its subcontractors,
the general contractor, Quannapowitt Development, Inc.
(Quannapowitt), had an indemnity clause in its subcontracts:
i.e., a provision by which Quannapowitt would not be bound
to pay any damages on account of injuries claimed by any
person working on the construction job.[1] On March 3, 1989,

---

[1]The pertinent paragraph of the agreement reads, in part, as follows:
"The Subcontractor further agrees that he will, during the performance of
this work comply with all safety requirements and programs of the Con-
tractor, place proper guards around the same for the prevention of acci-
dents, *and shall indemnify the Owner, the Contractor, its or their officers,*

Harnois, an employee of the subcontractor, C & R Development Corporation (C & R), fell down a flight of stairs at the construction site. He brought a third-party action to recover damages for the injuries based on allegations of negligence against Quannapowitt because of its failure to provide a safe work environment.

Quannapowitt impleaded C & R as a third-party defendant. As general contractor it sought enforcement of the indemnification provision contained in its subcontract with C & R. Several weeks before the underlying case was scheduled for a jury trial, C & R moved for summary judgment. With a nod to G. L. c. 149, § 29C, a Superior Court judge decided that under the circumstances C & R could not be required to indemnify Quannapowitt and ordered dismissal of the latter's third-party complaint.[2]

Trial of Harnois' case was had before a Superior Court jury. While the jury deliberated, Harnois settled his claim against Quannapowitt for $125,000. For reasons that do not appear in the record, the jury were then asked by special verdict to find who had been negligent, as between Harnois and Quannapowitt. The jury, in answer to the first and second questions, responded that both parties were negligent and that Quannapowitt's and Harnois' respective negligence was a contributing cause of Harnois' injury. No percentage apportionment of negligence was reported even though G. L.

---

*agents and employees, and save them harmless from any and all liability, suits, actions, demands (just or unjust), any and all damages and any and all costs or fees on account of injuries to person or property, including accidental death, arising out of or in connection with the work, or by reason of the operations under this contract, whether such liability be the result of the alleged active or passive negligence of the Owner or Contractor, their agents, servants, employees* or by reason of any participation in the wrong or upon any breach of any statutory duty or obligation on the part of the Owner or Contractor, its or their officers, agents and employees or any other person" (emphasis added).

[2]General Laws c. 149, § 29C, as appearing in St. 1985, c. 228, § 3, provides, in pertinent part, as follows: "Any provision for or in connection with a contract for construction . . . which requires a subcontractor to indemnify any party for injury to persons or damage to property *not caused by the subcontractor or its employees, agents or subcontractors,* shall be void" (emphasis added).

c. 231, § 85, and the special verdict form submitted to the jury in accordance with Mass.R.Civ.P. 49(a), 365 Mass. 812 (1974), called for that response. After the jury returned its verdict, the trial judge entered final judgment for C & R upon the earlier order of the motion judge with respect to Quannapowitt's third-party complaint. Quannapowitt's appeal followed.

Quannapowitt's position is that G. L. c. 149, § 29C, voids an indemnification agreement only where there is no negligence found on the part of the subcontractor or its employees. The jurors' assessment of at least partial fault on Harnois' part in bringing about his own injuries — so the argument goes — negates the prophylactic effect of § 29C. We do not read § 29C as requiring such a predicate.

From the plain language of § 29C and the legislative history, see *Jones* v. *Vappi & Co.*, 28 Mass. App. Ct. 77, 81 (1989), it appears that a contractual obligation to indemnify is void whenever it provides for indemnification by a subcontractor regardless of the fault of the indemnitee, or its employees, agents or subcontractors, and this is so even if the indemnitee could prove at trial that the injured employee of the subcontractor was negligent. We have previously noted that by enacting the statute, the Legislature allowed a shifting of the risk of loss for construction workers' injuries to the general contractor in this particular situation. See *Speers* v. *H.P. Hood, Inc.*, 22 Mass. App. Ct. 598, 601 n.8 (1986); MacNab, Tort Based and Implied Contractual Indemnity in Massachusetts, 71 Mass. L. Rev. 189 n.1 (1986). If the focus is on the indemnity agreement itself rather than on the facts of any particular accident, that purpose would be achieved without unduly burdening the courts and the parties with time-consuming assessments of negligence and comparative negligence. Thus interpreted, the statute also has the advantage of clarifying for parties to a construction contract where the burden of acquiring insurance lies. See *Shea* v. *Bay State Gas Co.*, 383 Mass. 218, 223 (1981), and cases cited.

Here, the indemnification clause is void under § 29C because it contains a provision requiring the subcontractor to

indemnify the general contractor for an injury that may not have been caused by the subcontractor or its employees, agents, or subcontractors — a circumstance prohibited by application of the statute. As a result, dismissal of Quannapowitt's third-party complaint was proper, and submission of the special questions relating to the parties' negligence was unnecessary.

Nor was there any claim alleged in Quannapowitt's third-party complaint that C & R impliedly agreed to indemnify any losses incurred as a result of its employees' actions. Compare *Decker* v. *Black & Decker Mfg. Co.*, 389 Mass. 35, 37 (1983). No other theories of common law indemnification are advanced by Quannapowitt as a rationale for sustaining the provision.

*Judgment affirmed.*