Graham, J.
The plaintiff, Arthur Collins (“Collins”) was awarded damages from the defendant, Kiewit Construction Company, Inc. (“Kiewit”) for personal injuries sustained while working on a construction project. Kiewit was the general contractor at the construction site where Collins was injured, while N.B. Jon-Son Steel Erectors, Inc. (“Jon-Son”) was a subcontractor and the employer of Collins. Kiewit brought a third-party action against Jon-Son alleging breach of a contract provision regarding the procurement of *417 insurance (Count I), and for indemnity pursuant to a contractual indemnity provision (Count II).
By agreement of the parties the trial was bifurcated and plaintiffs claim against Kiewit was tried first.
This matter is before the court on the post trial motions submitted by the parties following the return of the jury’s verdict as to Kiewit. Kiewit has filed a motion for summary judgment regarding its third-party complaint against Jon-Son. Jon-Son has filed a motion for a directed verdict and opposes Kiewit’s motion for any judgment on the grounds that Jon-Son satisfied its contractual obligation to procure insurance and, although it contracted to indemnify Kiewit from all damages on account of Jon-Son’s acts or omissions, G.L.c. 149, §29C renders that contract provision void.
BACKGROUND
On January 23, 1991, Collins, who was an employee of Jon-Son, fell and sustained injuries during the course of his employment at a construction site at which Kiewit was the general contractor. Prior to the accident, on February 6, 1990, Jon-Son and Kiewit executed a subcontract. The subcontract contains an insurance provision which provides in pertinent part:
Section 10. INSURANCE. Prior to commencement of Work, Subcontractor shall procure and at all times thereafter maintain with insurers acceptable to Contractor the following minimum insurance protecting the Subcontractor, Owner, and the Contractor against liability from damages because of injuries, including death, suffered by persons, including employees of the Subcontractor, and liability from damages to property arising from and growing out of the Subcontractor’s operations, including its subcontractors’ and suppliers’ operations, in connection with the performance of this Subcontract. If the terms of the Prime Contract require larger limits or additional coverage or both, Contractor reserves the right to require Subcontractor to provide, at Subcontractor’s expense, such larger limits or additional coverage or both.
The subcontract also contains an indemnity provision whereby Jon-Son agreed to indemnify Kiewit for any liability for injuries on account of acts or omissions of Jon-Son or its employees as follows:
Section 11. INDEMNIFICATION. The Subcontractor obligates itself to the Contractor, Owner and any other party required to be indemnified under the Prime Contract, jointly and separately, in the following respects, to wit: . . .
(b) to defend and indemnify them against and save them harmless from any and all claims, suits or liability for damages to property including loss of use thereof, injuries to persons, including death, and from any other claims, suits or liability on account of acts or omissions of Subcontractor, or any of its subcontractors, suppliers, officers, agents, employees or servants whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder; provided, however, Subcontractor’s duty hereunder shall not arise if such claims, suits or liability, injuries or death or other claims or suits are caused by the sole negligence of a party indemnified hereunder unless other provided in the Prime Contract. Subcontractor’s obligation hereunder shall not be limited by the provisions of any Workers’ Compensation act or similar statute; . . .
Collins filed suit against Kiewit, who in turn im-pleaded Jon-Son on the basis of the indemnity provision in the parties’ subcontract. Prior to the commencement of trial, the court ruled that all findings of fact made by the jury would apply to the third-party action. On December 2, 1993, the jury returned a verdict for Collins, finding three percent (3%) comparative negligence on the part of Collins, and ninety-seven percent (97%) negligence on the part of Kiewit.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a trial issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 297, 209 (1989).
G.L.c. 149, §29C, entitled “Indemnification as part of contract” states in pertinent part: “[a]ny provision for or in connection with a contract for construction, . . . which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.”
The issue in dispute is whether this statute renders the indemnification agreement entered into between Kiewit and Jon-Son void.
*418 Under the statute, a contractual obligation to indemnify is void if it requires the subcontractor to indemnify for injury not caused by the subcontractor, its employees, agents or subcontractors. Harnois v. Quannapowitt Development, Inc., 35 Mass.App.Ct. 286, 619 N.E.2d 351 (1993).[1] A contractual indemnification clause is, however, valid and enforceable against the subcontractor where the clause is limited to indemnification for injuries or damages which were caused by or resulted from the acts or omissions of the subcontractor, its employees, agents, or subcontractors.
The indemnification provision contained in the Subcontract between Kiewit and Jon-Son provides for indemnification only if the injury or claim is “on account of acts or omissions of Subcontractor, or any of its subcontractors, suppliers, officers, agents, employees or servants.” Since the obligation to indemnify is limited in scope only to injuries, claims or liability arising “on account of’ the acts or omissions of Jon-Son or its subcontractors, agents, or employees, the Subcontract does not require indemnification for injuries which were “not caused by" Jon-Son as would be proscribed by Chapter 149, §29C. The indemnification provision contained in the Subcontract is, therefore, valid under Chapter 149, §29C and enforceable against Jon-Son.
The juiy found that the negligence of Jon-Son’s employee, Collins, was a proximate cause of his injuries. Under Massachusetts law the negligence of the indemnitor’s employee is imputed to the indemnitor for purposes of triggering a contractual indemnification agreement, see Kelly v. Dimeo, 31 Mass.App.Ct. 66. Therefore Collins’s negligence is imputed to Jon-Son. Since the jury found that such negligence was a proximate cause of Collins’s injuries, Jon-Son, as a matter of law, is deemed to have been a cause of the plaintiffs injuries. As a consequence, the indemnification agreement, requiring Jon-Son to indemnify Kiewit against liability arising on account of Jon-Son’s acts or omissions, is triggered.
The fact that Kiewit was found concurrently negligent at trial affects neither the validity of the indemnification agreement between Kiewit and Jon-Son, nor the extent of Jon-Son’s obligation pursuant to the indemnification agreement. The agreement specifically provides that the duty to indemnify arises even if Kiewit is negligent in part. Indemnity provisions are not to be read grudgingly against the indemnitee but “like any ordinary contract, with attention to language, background, and purpose.” Jones v. Vappi Co., Inc., 28 Mass.App.Ct. 77, 546 N.E.2d 379 (1989), citations omitted; see also Urban Investment and Development Co. v. Turner Construction Co., 35 Mass.App.Ct. 100, 616 N.E.2d 829 (1993).
In Jones v. Vappi & Co; General Iron and Steel Works, Inc., 28 Mass.App.Ct. 77 (1989), the Appeals Court held that the statute declares void indemnify provisions in construction contracts only when the injury is “not caused by the subcontractor or its employees, agents or subcontractors” and it affords an indemnitor “no comfort” where the indemnitor’s subcontractor “was a cause of the injury." Id. at 81. Jones allows full indemnity in cases where the jury finds both the general and a subcontractor to be “ cause” (emphasis supplied) of the injury. When two parties are both causally negligent regarding an indivisible injury, each party is jointly and severally liable for the entire injury. Delicata v. Bourlesses, 9 Mass.App.Ct. 713, 730 (1980); Donnelly v. Larkin, 327 Mass. 287, 296 (1951). Chapter 149, §29G does not authorize an apportionment of liability based upon comparative degrees of negligence. If it was part of the legislative intent to require apportionment of liability, it could have specified so, as it did in the comparative negligence statute, G.L.c. 231, §85. Since the Legislature did not do so in G.L.c. 149, §29C, the statute must be read consistently with the common law.
Breach of Contract
Section 10 of the Subcontract required that Jon-Son obtain insurance directly protecting Kiewit from liability. Section 31, entitled “Additional Provisions” requires Jon-Son to obtain liability coverage in the amount of $5,000,000.
Jon-Son failed to obtain an insurance policy directly protecting Kiewit from liability since Jon-Soris policy did not list Kiewit as an insured or additional insured.
The jury’s finding that Jon-Son’s negligence, through its employee, was a proximate cause of the injuries means that the plaintiffs injuries arose out of Jon-Son’s operations under the Subcontract. The damages caused by Jon-Son’s breach of contract include the expenses, costs, and attorneys fees incurred in defense of Collins’s claims, as well as the total amount of the judgment which Collins obtained against Kiewit, plus interest. Accordingly, Kiewit is entitled to recover these amounts from Jon-Son due to the latter’s breach of its contractual obligations under Section 10 of the Subcontract.
ORDER
For all the foregoing reasons, this court enters judgment for Kiewit against Jon-Son on Counts I and II of the third-party complaint, and orders that N.B. Jon-Son fully indemnify Kiewit for the total amount of Collins’s judgment against Kiewit, and for all costs, expenses, and attorneys fees incurred. The third-party plaintiff is granted leave to submit within 30 days of the date of this order an affidavit regarding expenses, costs, and attorneys fees. The motion for directed verdict of third-party defendant is hereby DENIED.

 Harnois states that if the language of the indemnification provision contravenes the statute the indemnification agreement is void ab initio.