Neel, J.
Third-party plaintiffs LaSalle Partners, Inc. (“LaSalle”) and Hexalon Real Estate, Inc. (“Hexalon”) seek indemnification from third-party defendant Armor Elevator Company, Inc. (“Armor”) pursuant to a construction subcontract between Armor and third-party defendant Morse Diesel, Inc., the general contractor (“Morse”). Under the subcontract, Armor was to install an elevator in a building owned by Hexalon and managed by LaSalle. LaSalle and Hexalon also bring claims for breach of contract based on the *164 indemnification agreement. Armor alleges that the indemnification agreement is void under G.L.c. 149, §29C. LaSalle and Hexalon move for summary judgment pursuant to Mass.R.Civ.P. 56. Armor also seeks summary judgment as to the same issue. For the reasons set forth below, the motions are denied.
The Massachusetts Appeals Court has considered G.L.c. 149 Sec. 29C in Harnois v. Quannapowitt Development, Inc., 35 Mass.App.Ct. 286 (1993); and Transamerica Insurance Group v. Turner Construction Co., 33 Mass.App.Ct. 446 (1992); see also Kelly v. Dimeo, Inc., 31 Mass.App.Ct. 626 (1991); and Jones v. Vappi & Co., 28 Mass.App.Ct. 77 (1989).
One rule that emerges from those cases is that an indemnification provision does not violate the statute so long as it provides that the claims covered by the indemnity are claims which arise, at least in part, from conduct of the subcontractor. Transamerica Insurance Group, supra at 450-51; see Jones, supra at 81-82 (revised G.L.c. 149 Sec. 29C is “less sweeping” than original version because it voids indemnification provisions “only when the injury is ‘not caused by the subcontractor . . ,’”[1]). If an indemnity provision requires indemnification for any claim not arising at least in part from conduct of the subcontractor, the provision is void under Sec. 29C. Harnois, supra at 288-89 (“Here, the indemnification clause is void under Sec. 29C because it contains a provision requiring the subcontractor to indemnify the general contractor for an injury that may not have been caused by the subcontractor.. . —a circumstance prohibited by application of the statute.”)
The present case involves several distinct indemnity provisions contained in Article 9 of the Armor/Morse subcontract; at least one of those provisions appears to violate the statute. The question arises whether all of the provisions, or only the offending one, are therefore void. The Court does not decide this issue, however, because the provisions, taken together, contain material ambiguities which must first be resolved by a factfinder.
Specifically, the handwritten addendum to Article 9, headed “ADD TO ARTICLE 9,” requires Armor to indemnify Hexalon, LaSalle and Morse from “all claims ... on account of injury . . . arising out of this contract by Armor, its employees and agents, except out of the sole negligence of the owner or any of its subsidiaries . . .” One issue of fact raised in the parties’ submissions is whether the provision was intended to read “arising out of the performance of this contract by Armor,” a critical difference in light of the above discussion.[2] As written, the provision could be read to violate Sec. 29C in that it requires Armor to indemnify Hexalon, LaSalle and Morse for claims “arising out oF the contract, excepting claims arising out of the sole negligence of Hexalon, but not excepting claims arising out of the sole negligence of LaSalle or Morse.
A further ambiguity in the contract concerns the relationship of the provision just cited to the remaining, typed provisions in Article 9 indemnifying Hexalon, Morse and the architect. At least one of these provisions, at paragraph A(l), plainly complies with Sec. 29C, insofar as it requires Armor to indemnify against claims arising out of “(t]he performance of Work by the Subcontractor, or any act or omission of Subcontractor,” i.e., Armor. Paragraphs A(2) and A(3), less clearly in compliance, are preceded by a provision that Armor is obligated thereunder “(t]o the extent permitted by law.” Later in Article 9 appears the following language: “The provisions of the indemnity provided for herein shall not be construed to indemnify any Indemnitee for its sole negligence if not permitted by law . . .” No such exception is made for claims arising from the sole negligence of other, non-indemnified parties, claims that appear to fall within the indemnify obligations of A(2) and A(3).
Resolving the ambiguity between the handwritten addendum and the typed provisions of Article 9 requires a determination of the extent to which the contracting parties intended the former to replace inconsistent portions of the latter. It is not clear, for example, whether the addendum is intended to replace all portions of the typed version which address indemnification of Hexalon and Morse, including the provisions quoted above. Once the provisions are reconciled as a matter of fact, the Court can determine whether Article 9, as construed by the factfin-der, complies with Sec. 29C and should be enforced. If some, but not all, of Article 9 survives (e.g. paragraph A(l)), there may also remain issues of fact concerning which parties’ conduct caused the injury to plaintiff.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motions for summary judgment filed by defendants/third-parfy plaintiffs LaSalle Partners, Inc. and Hexalon Real Estate Inc., and by third-party defendant Armor Elevator Company, Inc., are DENIED.

 The original version of Sec. 29C was broader in that it voided any provision indemnifying claims arising from an indemnitee’s acts, regardless of whether the claims also arose from the indemnitor/subcontractor’s acts. Thus, the contract provisions in Transamerica and Kelly, requiring indemnification for claims partly caused by the indemnitee, would have been void under the original Sec. 29C.

 For example, it makes no sense to describe the subcontract as “this contract by Armor, its employees and agents”— Armor’s employees presumably did not sign it. A factfinder may resolve the ambiguity by inferring that the words “performance oF were intended to be included, concluding that they would give the intended meaning to the reference to Armor’s employees and agents.