O’Toole, J.
This case is before the court on the third-party defendant and subcontractor Marshall Roofing, Inc.’s motion for summary judgment. For the following reasons the motion is allowed.
BACKGROUND
For purposes of this motion the undisputed facts are as follows.
Marshall Roofing and CWC entered into a subcontract on June 7, 1989, pursuant to which Marshall Roofing was to perform work at a site in Cambridge. The contract contained an indemnity Clause whereby
[Marshall Roofing] agrees to indemnify and save harmless [CWC] . . . from and against any and all liability . . . arising out of. . . claims . . . made or brought against [CWC] for . . . any injuries . . . sustained by any person . . . arising out of. . . the subcontract, whether or not such injuries . . . are due to any negligence of [Marshall Roofing] . . .
The plaintiff, Robert Talamini, a Marshall Roofing employee, alleges that on August 9, 1989 he was injured while on the job at the Cambridge site. Talamini sued CWC as a direct defendant. CWC, pursuant to the indemnity clause, brought Marshall in as a third-party defendant.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues at to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
Subcontractor indemnification clauses are governed by G.L.c. 149, §29C (1992 ed.) which provides that
[a]ny provision ... in connection with a contract for construction ... which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents, or subcontractors, shall be void.
The subcontract clause at issue here does precisely what the statute proscribes; it requires Marshall Roofing to indemnify CWC on Talamini’s claim even if Marshall Roofing was not negligent. The clause is, therefore, void.
No inquiry into the facts of Talamini’s injury is required. Even if some negligence attributable to Marshall Roofing contributed to the injury, the indemnity clause is not saved. Harnois v. Quannapowitt Development, Inc.; C&R Development, Inc., 35 Mass.App.Ct. 286, 288 (1993) rev. denied, 416 Mass. 1106 (1993) (a contractual obligation to indemnify is void if it provides for indemnification without regard to the fault of the indemnitee even if negligence could be imputed to the indemnitee). CWC’s reliance on Speers v. H.P. Hood, Inc., Bloom South & Gurney, Inc., 22 Mass.App.Ct. 598 (1986), is misplaced. The indemnity clause in Speers case was not part of a subcontract, id. at 598-99, and the court specifically noted that G.L.c. 149, §29C did not affect the case. Id. at 601 n.8.
ORDER
It is therefore ORDERED that the third-party defendant’s motion for summary judgment is ALLOWED.