Gershengorn, J.
Plaintiff Edward McGrath (“McG-rath”) filed this negligence action against defendant H.A. Fafard & Sons Construction (“H.A Fafard"), the general contractor on a construction project. H.A Fafard filed a third-party indemnification action against McGrath’s employer, Steel Buildings, Inc. (“Steel Buildings”), the subcontractor on the project. Steel Buildings has moved for summary judgment, pursuant to Mass.R.Civ.P. 56(c), on H.A. Fafard’s claims for common law and contractual indemnification.
BACKGROUND
The following facts are not in dispute. H.A. Fafard was the general contractor on a construction project in Salem, Massachusetts. Steel Buildings was a subcontractor on the project. On February 7, 1990, H.A. Fafard and Steel Buildings entered into a written subcontract. The subcontract contained the following indemnity provision: . .
The Sub-Contractor shall indemnify the Contractor and the Owner and hold them harmless from and against any loss, cost or expense with respect to any action, representation or omission by the Sub-Contractor, his agents, employees, contractors, suppliers, or guests, with respect to the Project or this agreement; and with respect to this undertaking, the Sub-Contractor hereby waives all notice, demand, and suretyship defenses, or defenses in the nature thereof.
McGrath, a Steel Buildings employee, alleged that he was injured at the project site on or about January 31, 1990.[2] McGrath sued H.A. Fafard for negligence. H.A. Fafard brought Steel Buildings in as a third-party defendant.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
I. Implied Common Law Indemnification
Steel Buildings alleges that H.A. Fafard’s third-party claim is barred by the exclusivity provision of the worker’s compensation act. It also alleges that H.A. Fafard has not presented evidence of implied contractual indemnity sufficient to overcome the act, entitling Steel Buildings to summary judgment on this claim.
The worker’s compensation act “bars a third party sued by the employee from recovering against the negligent employer who has paid workers’ compensation.” Larkin v. Ralph O. Porter, Inc.; Cebco Corp., 405 Mass. 179, 181 (1989). The exclusivity provision can be overcome by an express or implied contract of indemnity or from an obligation implied from parties’ relationship. Id. (citations omitted).
An implied right to contractual indemnify arises “only when there are special factors surrounding the contractual relationship which indicate an intention by one party to indemnify another in a particular situation.” Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 14 (1992) (citations omitted). No such factors exist in this case. Steel Buildings is entitled to summary judgment on H.A. Fafard’s implied indemnification claim.
II. Express Contractual Indemnification
Subcontractor indemnification clauses are governed by G.L.c. 149, §29C, which provides:
Any provision for or in connection with a contract for construction, reconstruction, installation, alteration, remodeling, repair, demolition or maintenance work, including without limitation, excavation, backfilling or grading, on any building or structure, whether underground or above ground, or on any real property, including without limitation any road, bridge, tunnel, sewer, water or other utility line, which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its *480 employees, agents or subcontractors, shall be void. (Emphasis added.)
Steel Buildings alleges that the subcontract at issue is void under §29C, as interpreted in Harnois v. Quannopowitt Development, Inc., 35 Mass.App.Ct. 286 (1993). This court agrees.
In Harnois, the court held that “a contractual obligation to indemnify is void whenever it provides for indemnification by a subcontractor regardless of the fault of the indemnitee, or its employees, agents or subcontractors, and this is so even if the indemnitee could prove at trial that the injured employee of the subcontractor was negligent.” 35 Mass.App.Ct. at 288, citing Jones v. Vappi & Co., 28 Mass.App.Ct. 77, 81 (1989). In the instant case, the indemnity clause covers losses, costs, and expenses caused by Steel Buildings, its agents, employees, contractors, suppliers, or guests. The statute, however, is limited to employees, agents, or other subcontractors, i.e., parties for whom the subcontractor is legally responsible. Suppliers and guests do not fall into this group.
Because the indemnity clause requires “the subcontractor to indemnify the general contractor for an injury that may not have been caused by the subcontractor or its employees, agents, or subcontractors .. .,” Harnois, supra at 289, it is overbroad and violates the statute. It is therefore void. See G.L.c. 149, §29C. Cf. Callahan v. A.J. Welch Equipment Corp., 36 Mass.App.Ct. 608, 611 (1994) (indemnity clause notvoid under G.L.c. 149, §29C where it was limited to injuries resulting from the negligence, acts or omissions of the subcontractor or its agents, to thejidlest extent permitted by law) (emphasis added). Unlike Callahan, the indemnity clause at issue contains no savings clause.
ORDER
For the foregoing reasons, third-party defendant Steel Buildings, Inc.’s motion for summary judgment is ALLOWED.

 The court notes that the apparent date of the incident, which is not altogether clear from plaintiffs inarticulate complaint, actually pre-dated the execution of the subcontract. Neither party has raised or otherwise addressed this discrepancy which they apparently consider anon-issue. The court will ¿eat it as such.