Doerfer, J.
The plaintiffs, James and Joanne Delaney (collectively, “the Delaneys”) brought an action against the Dick Corporation (“Dick”) and the Grinnell Corporation (“Grinnell”) to recover damages for injuries James Delaney suffered when he tripped *132 over a hose while working at a cogeneration facility in Bellingham, Massachusetts on July 4, 1990. Dick was the general contractor of the project and Grinnell was the subcontractor allegedly responsible for placing and leaving the hose in the walkway. Dick brought a third-party claim against Rost Enterprises, Inc. (“Rost”), Delaney’s employer and Dick’s subcontractor, based on a contractual right of indemnification. The subcontract with Rost contained the following the indemnification clause:
NINTH. The Sub-contractor shall protect, indemnify and defend the Contractor against any loss or damage suffered by anyone arising through the acts, failure to act, or negligence of the Subcontractor, or those employed by him or his agent or servants, and whether or not said loss or damage is alleged to be caused in part by a party indemnified here under; he shall bear any expense which the Contractor may have by reason thereof, or on account of being charged with such loss or damage . . .
(Emphasis added.)
After a trial, the jury returned a special verdict and found that Delaney’s own negligence proximately caused his injuries. The jury assessed Delaney’s negligence at 60%. The jury further found that, while Dick and Grinnell were negligent, their negligence was not the proximate cause of Delaney’s injuries. The jury thus awarded no damages to Delaney on his action. After the verdict, Dick’s third-party claim against Rost was dismissed. Dick has now moved to amend the judgment by reinstating his third-party claim against Rost. Dick contends that the dismissal was a clerical error and that the indemnity agreement provides Dick with a contractual right to recover defense costs and attorneys fees in this action against Rost. For the reasons which follow, the defendant/third-party plaintiff Dick’s motion is allowed.
DISCUSSION
Rost contends that the indemnification clause is void under G.L.c. 149, §29C. G.L.c. 149, §29C provides in relevant part,
Any provision for or in connection with a contract for construction . . . , which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void. (Emphasis added.)
In Harnois v. Quannapowitt Development, Inc., 35 Mass.App.Ct. 286 (1993), the Court of Appeals invalidated an indemnification clause pursuant to G.L.c. 149, §29C on the grounds that it contained a provision requiring the subcontractor to indemnify the general contractor for an injury that may not have been caused by the subcontractor or its employees, agents, or subcontractors. The Rost-Dick clause, however, is explicitly only triggered when the damage suffered arises from the “negligence of the Subcontractor, or those employed by him or his agent or servants.” While the clause requires Rost to indemnify Dick even if Dick partially contributed to the damage alleged,[1] Massachusetts recognizes the validity of such indemnification agreements.
In Kelly v. Dimeo, 31 Mass.App.Ct. 626 (1991), the Court of Appeals upheld an identical indemnification provision in favor of the general contractor, even though the jury had determined that the general contractor was ninety percent negligent and the employee was only ten percent negligent. The court stated,
Here, Waterproofing [the subcontractor] expressly agreed (perhaps in an effort to advance its business interests in the competitive arena of the construction industry) to underwrite fully the conduct of its “employees” regardless of the degree of fault attributable to it; it should not be allowed to escape what it knowingly bargained for.
Id. at 630. In the instant case, the jury determined that Delaney was sixty percent negligent and that Dick was twenty-five percent negligent, but that Dick’s negligence did not proximately cause Delaney’s injuries. Certainly, it is not unjust to require Rost to comply with the terms of its indemnification agreement and “bear any expense which the Contractor may have by reason” of defending itself against a Rost employee’s personal injury claim, which was found to be the result of the employee’s own negligence. Accordingly, the court amends its judgment and reinstates Dick’s third-party claim against Rost.
ORDER
For the foregoing reasons, the Defendant/ThirdPariy Plaintiff Dick Corporation’s Motion to Amend Judgment is ALLOWED. It is hereby ORDERED that the Defendant/Third-Party Plaintiff Dick’s third-parly action against Rost Enterprises, Inc. is reinstated.

“NINTH. The Sub-contractor shall protect, indemnify and defend the Contractor against any loss or damage suffered by anyone arising through the acts, failure to act, or negligence of the Subcontractor, or those employed by him or his agent or servants, and whether or not said, loss or damage is alleged to be caused in part by a Party indemnified here under.” (Emphasis added.)