Neel, J.
Third-party plaintiff The Modern Continental, Construction Co., Inc. (“Modern”) seeks indemnification from third-party defendant ICOS/Nishimatsu (“ICOS”), pursuant to a construction subcontract between Modern and ICOS. Under the subcontract, ICOS was to install slurry wall guide walls. Plaintiff Mark Levesque, an employee of ICOS, was injured during the installation. ICOS alleges that the indemnification agreement is void under G.L.c. 149, §29C. Modern and ICOS each move for summary judgment. The motions were heard November 17, 1994. For the reasons set forth below, the Court concludes that the indemnification provision is void, and grants summary judgment to ICOS.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso u. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demon *119 strating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra at 17.
The motions before the Court present a question of law, ie., whether the indemnification provision at issue complies with G.L.c. 149 sec. 29C.[1] The Court’s determination is to be made on the basis of the indemnification language itself, and does not depend upon whether Modern or ICOS in fact caused plaintiffs injury. Callahan v. A.J. Welch Equipment Corp.; Sutton Corp., 36 Mass.App.Ct. 608, 611 (1994).
The Massachusetts Appeals Court has considered G.L.c. 149 sec. 29C in Callahan, id.; Harnois v. Quannapowttt Development, Inc., 35 Mass.App.Ct. 286 (1993), and Transamerica Insurance Group v. Turner Construction Co., 33 Mass.App.Ct. 446 (1992); see also Kelly v. Dimeo, Inc., 31 Mass.App.Ct. 626 (1991), and Jones v. Vappi& Co., 28 Mass.App.Ct. 77 (1989).
One rule that emerges from those cases is that an indemnification provision does not violate the statute so long as it provides that the claims covered by the indemnity are claims which arise, at least in part, from conduct of the subcontractor. Transamerica Insurance Group, supra at 450-51; see Jones, supra at 81-82 (revised G.L.c. 149 sec. 29C is “less sweeping” than original version because it voids indemnification provisions “only when the injury is ‘not caused by the subcontractor . . .’ ”).[2] If an indemnity provision requires indemnification for any claim not arising at least in part from conduct of the subcontractor, the provision is void under sec. 29C. Harnois, supra at 288-89 (“Here, the indemnification clause is void under sec. 29C because it contains a provision requiring the subcontractor to indemnify the general contractor for an injury that may not have been caused by the subcontractor .. . —a circumstance prohibited by application of the statute”).
In the present case, the subcontract between Modern and ICOS contains the following clause at Article IV:
The Subcontractor shall fully indemnify and save the General Contractor wholly harmless from any and all claims, liabilities, liens, demands and causes of action for or on account of any injury to persons or damage to properly arising out of or in consequence of the performance of any work hereunder in accordance with this provision. Subcontractor further agrees to assume full responsibility to indemnify, defend and hold harmless the General Contractor for any claim by the Owner or any party which pertains to or arises from the acceptability, performance or nonperformance of the Subcontractor’s work or materials upon notice by the General Contractor to the Subcontractor of such claim.
The clause just quoted contains two provisions. The first provision requires ICOS, the subcontractor, to indemnify Modern, the general contractor, from all claims “arising out of or in consequence of the performance of any work hereunder in accordance with this provision.” The second provision imposes “further” responsibility on ICOS to indemnify Modern for any claim by “any party which pertains to or arises from the acceptability, performance or nonperformance of the Subcontractor’s work,” suggesting that such responsibility is in addition to, and different from, that imposed by the first provision. The question is whether either provision “requir[es] the subcontractor to indemnify the general contractor for an injury that may not have been caused by the subcontractor,” id. The clause should be construed in accordance with its ordinary and plain meaning. Kelly, supra at 629.
While the Appeals Court has not considered an indemnity clause identical to the one in this case, its analyses of challenges to similar clauses under c. 129 sec. 29C are instructive.
In Transamerica Insurance Group v. Turner Construction Co., supra, the subcontract required indemnification for any claim “arising out of or occurring in connection with the execution of the Work.” Id. at 450. However, that subcontract also included the following provision, “[b]y way,” the Court points out, “of complying with the statute”: “(The indemnification provision] does not require indemnification against liability or injury to persons or property resulting from the sole negligence of [the general contractor] or the owner.” Id. at 449, n. 3. The Court does not address the question whether, without that saving language, such an indemnification provision would be void. It implies as much, however: “[the] purpose [of the indemnification clause] is to distribute among the subcontractors on a construction job the insurance burdens covering their respective areas of responsibility — subject, always, to the limitation discussed in note 3 above.” Id. at 451.[3]
Likewise, in Callahan, supra, the indemnification clause at issue covered “claims . . . resulting from the negligence or any act or omission of Subcontractor or his agents, or arising out of or in any way connected with the performance, attempted performance, or failure to perform the Work by Subcontractor.” That clause was preceded, however, by the language ‘To the fullest extent permitted by law . . .” The Court com *120 pares this indemnification clause to that which it held void in Harnois, supra, which did not contain such a limitation, and upholds the indemnification clause in Callahan: “Because of that limitation, we do not consider the indemnity clause void under sec. 29C.” 36 Mass.App.Ct. at 611. Although the clause at issue in Callahan was narrower than that involved in Harnois,[4] the Court implies, in both Callahan and Transamerica Insurance Group, that such clauses are void absent language explicitly providing that the indemnity is limited to claims allowed under sec. 29C.
The first provision of the indemnification clause in this case, by itself, may not violate G.L.c. 149 sec. 29C. It may be argued that claims “arising out of’ the performance of work under the ICOS subcontract would logically encompass only claims which arise, at least in part, from work performed by ICOS — that is, from conduct of ICOS.[5] It may likewise be argued that claims “in consequence of’ such performance would also encompass only claims which, at least in part, are causally related to conduct of ICOS.
The Court need not decide whether the first provision of the indemnification clause, standing alone, is void under sec. 29C, however, because the second provision does violate the statute. The latter provision, covering “any claim . . . which pertains to” the subcontractor’s performance, casts a broader net than the first provision, which covers claims “in consequence of’ such performance. The “pertains to” language of the second provision is closer to that part of the clause in Harnois which covered claims “by reason of the operations under this contract,” and was held invalid absent a limitation to claims resulting in part from the subcontractor’s conduct. The second provision is similar also to the provisions in Transamerica Insurance Group, supra, (covering claims “occurring in connection with” subcontractor’s work) and Callahan (covering claims “in any way connected with” such work), each of which the Appeals Court upheld, citing the limiting language in those clauses.
There is no such limitation in the second provision of the ICOS subcontract’s indemnification clause. Insofar as that provision constitutes part of the indemnification clause contained in Article IV of the ICOS subcontract, the entire indemnification clause is void. Harnois, supra at 288-89.
ORDER
For the foregoing reasons, it is hereby ORDER that the motion for summary judgment filed by defendant/third-party plaintiff The Modern Continental, Construction Co., Inc. is DENIED, and that the motion for summary judgment filed by third-party defendant ICOS/Nishimatsu is ALLOWED.

Any provision for or in connection with a contract for construction .. . which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.”

The original version of sec. 29C was broader in that it voided any provision indemnifying claims arising from an indemnitee’s acts, regardless of whether the claims also arose from the indemnitor/subcontractor’s acts. Thus, the contract provisions in Transamerica and Kelly, requiring indemnification for claims partly caused by the indemnitee, would have been void under the original sec. 29C.

Cf. Kelly v. DiMeo, supra at 627 n. 1, where the indemnity clause covered claims “arising out of or resulting from the performance of the Subcontractor’s work, provided that any such claim ... is caused in whole or in part by any negligent act or omission of the Subcontractor.”

While both clauses covered certain claims (claims “arising out of or in connection with the work” (Harnois); claims “arising out of or in any way connected with the . . . Work” (Callahan)), the clause in Harnois also covered claims “by reason of the operations under this contract.”

ICOS is the only party charged, as subcontractor, with responsibility for the work described under Article I, “Work To Be Performed.”