Donohue, J.
FACTS
In 1988, Erland Construction Company (Erland), a general contractor, subcontracted Park Steel Corporation (Park), to work on a building project in Westborough, Massachusetts. Park, in turn, subcontracted Titan Steel, Inc. (Titan), to erect various components of the building.
Titan’s sole owner and employee, Gerald Richards, fell and injured himself at the construction site, and brought this negligence action against Erland. The jury found that Erland was 63% negligent, that Richards was 37% negligent, and that Park was not negligent. The jury awarded Richards $1,100,000 in damages.[2]
Erland brought a third-party complaint against Park, seeking indemnification under their subcontract, which contains the following provisions, in part:
Art. IV: Insurance and Safely
The SUBCONTRACTOR agrees to indemnify and hold the CONTRACTOR and OWNER harmless from any and all loss, damage, cost or expense, including but not limited to counsel fees which the CONTRACTOR or OWNER may sustain or become liable for on account of any claim, suit or action resulting from or arising out of the negligence of the SUBCONTRACTOR, his Agents, Employees, or SubSubcontractors.
Art. XIV: Liens and Indemnification
The SUBCONTRACTOR agrees to indemnify and hold harmless the CONTRACTOR of, from and against any and all loss, damage, cost and expense which the CONTRACTOR may suffer or sustain or be threatened with liability for, arising out of or in any way connected with the Work done or to be performed under this Subcontract by the SUBCONTRACTOR, his agents, employees, servants or materialmen.
Park seeks a judicial determination that its indemnification agreements with Erland are void pursuant to M.G.L.c. 149 §29C. Erland counters that Art. IV imposes upon Park an obligation to indemnify Erland for any claim resulting from the negligence of Park or its agents, employees, or Subsubcontractors.[3]
DISCUSSION
At issue is whether Park has a duty to indemnify Erland under Art. IV of their subcontract. The controlling statute, M.G.L.c. 149, §29C as amended by St. 1985, c. 228, §3 provides in part:
Any provision for or in connection with a contract for construction ... which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.
In Harnois, the Court held that a contractual provision which requires a subcontractor to indemnify the general contractor for injuries that may not have been caused by the subcontractor or its agents, employees or subcontractors is void under G.L.c. 149, §29C. Harnois v. Quannapowitt Development Inc.; C&R Development, Inc., 35 Mass.App.Ct. 286, 288-89 (1993). The contractual language is void on its face if it permits an argument that the subcontractor theoretically could be obligated to indemnify another party for injuries which the subcontractors or its employees, agents, or subcontractors did not cause or contributed to cause. See id. To be enforceable, the indemnify provision must contain language indicating that the subcontractor must have caused or contributed to cause the injury. See id.
The phrase “arising out of’ is broader in meaning than the phrase “caused by.” See Tatro v. Manor Care Inc., 416 Mass. 763, 770-71 (1994) (plaintiffs injury in California hotel “arose out of’ the hotel reservation contract the parties entered into in Massachusetts, since reservation of the defendant’s hotel room was the first step in a train of events that resulted in the personal injury); Kelly’s Case, 394 Mass. 684, 686 (1985) (a disability “arises out of’ one’s employment if it is attributable to the nature, conditions, obligations or incidents of the employment). Also see Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 524 (1st. Cir. 1990) (showing of causation in tort requires that the defendant’s conduct was a but-for cause of plaintiffs injury, and that the defendant’s conduct was a substantial factor in bringing about injury to plaintiff).
Therefore, contractual provisions such as Art. IV which impose an indemnify obligation with respect to claims, damages or loss “resulting from” or “arising *575 out of’ a subcontractor’s violation do not comply with c. 149 §29C’s causational language requirement. See Harnois, 35 Mass.App.Ct. at 288-89.
An indemnity provision not containing the “caused by” phrase or its equivalent may be nevertheless upheld in part if it contains the following “savings" language: that the subcontractor be obligated to indemnify the contractor “to the fullest extent permitted by law.” See Callahan v. A.J. Welch Equipment Corp., 36 Mass.App.Ct. 608, 611 (1994). However, because Art. IV does not contain the “savings” language required by Callahan, it is not an enforceable indemnity provision. See Callahan, 36 Mass.App.Ct. at 611.
ORDER
For the foregoing reasons, this court RULES that the Art. IV indemnification clause in the subcontract between Erland Construction Company, Inc. and Park Steel Corporation does not comply with the requirements of M.G.L.c. 149, §29C, and is therefore void.

Park’s claims against Titan were dismissed previously.

Erland states that Article XTV of the subcontract is inapplicable to Richard’s claim.