Butler, J.
Third-party defendant William F. Lynch Co., Inc. (“Lynch”) moves for summary judgment against defendant and third-party plaintiff Millipore/Waters, Inc. (“Millipore”). Lynch argues that the indemnification clause which Millipore seeks to enforce is invalid under G.L.c. 149, §29C.
BACKGROUND
The following facts are undisputed, except where noted: On or about November 5, 1992, plaintiff Charles B. Wood (“Wood”), an employee of Lynch, allegedly sustained injuries while working on a construction site on the premises of Millipore. Lynch was performing work pursuant to “purchase orders” issued by Millipore to Lynch. Wood has brought a claim against Millipore for personal injuries. Millipore subsequently filed a third-party action for contractual indemnification against Lynch. The following language is contained on the back of the purchase order sent by Millipore to Lynch:
17. WORK ON MILLIPORE’S OR ITS CUSTOMER’S PREMISES—
. .. Except to the extent that any such injury is due solely and directly to Millipore’s or its customer’s negligence, as the case may be, [Lynch] shall indemnify Millipore and its customers against all loss which may result from any act or omission of [Lynch], its agents, employees, or subcontractors. (Emphasis added.)
The purchase order is dated September 2, 1992. Lynch responded to the purchase order by performing; however, no representative of Lynch signed the purchase order.
DISCUSSION
Lynch argues that this indemnification provision is void as against public policy because it violates G.L.c. 149, §29C, which states in relevant part:
any provision for or in connection with a contract for construction ... which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.
In analyzing the validity of a subcontractor indemnification clause under G.L.c. 149, §29C, the Appeals Court has urged “focusing on the language of the indemnity clause . . . rather than on the facts of the particular accident and assessment of fault of the parties.” Callahan v. A.J. Welch Equipment Corp.; Sutton Corp., 36 Mass.App.Ct. 608, 611 (1994); Harnois v. Quannapowitt Development, Inc., 35 Mass.App.Ct. 286, 28889 (1993).
The question of whether Wood’s injury was caused by Lynch’s negligence need not, and indeed, should not, be decided prior to the resolution of this question under G.L c. 149, §29C. Harnois, 35 Mass.App.Ct. at 288. In Harnois, the Appeals Court ruled that an indemnification provision which required the subcontractor to indemnify the general contractor for “an injury that may not have been caused by the subcontractor or its employees, agents, or subcontractors," was void under G.L.c. 149, §29C, regardless of whether the injury had in fact been caused by the negligence of the subcontractor or its employee. Harnois, 35 Mass.App.Ct. at 28889.
At issue in this case is whether the indemnification language in the purchase order could require Lynch to indemnify Millipore for injury which Lynch did not cause. The indemnification provision requires indemnification for “all loss which may result from any act or omission of [Lynch], its agents, employees, or subcontractors.” Lynch argues that the phrase “may result from" is broader in meaning than the phrase “caused by” and, therefore, violates c. 149, §29C.
*112 Causation is a concept with a specific legal meaning. Proximate causation must be proved to establish liability in tort. Hathaway v. Huntley, 284 Mass. 587, 592 (1934). However, there appears to be no requirement that the indemnification language precisely track that of the statute. Indeed, in the Harnois case, the court used the phrase “incurred as a result of its employees’ actions” in observing that there was no implied agreement to indemnify. Harnois, supra at 289. Accordingly, the language contained in the purchase order, which upon acceptance and performance by Lynch created a contract, does not rim afoul of c. 149, §29C. Since the contract controls, Lynch is not entitled to summary judgment.
ORDER
For the foregoing reasons, it is ORDERED that Lynch’s motion for summary judgment be DENIED.