42 Mass. App. Ct. 591                                     591

Bjorkman v. Suffolk Construction Company, Inc.; L.D. Russo, Inc.

RICKY BJORKMAN vs. SUFFOLK CONSTRUCTION COMPANY,
INC.; L.D. RUSSO, INC., third-party defendant.

No. 95-P-2043.

Suffolk. December 5, 1996. - May 12, 1997.

Present: PERRETTA, KASS, & JACOBS, JJ.

Contract, Construction contract, Indemnity, Construction of contract.
   Indemnity.

General Laws c. 149, § 29C, as amended by St. 1986, c. 557, § 135, oper-
   ated to render unenforceable an indemnification clause in a subcontract
   that required the subcontractor to indemnify the general contractor for
   injuries not caused by the subcontractor or its employees [592-593], and
   certain saving language in one of the subcontract paragraphs was not
   shown to be intended to serve as saving language for the indemnity
   clause to avoid the operation of the statute [593-594].

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 18, 1992.

The case was heard by *Peter M. Lauriat*, J., on motions for
summary judgment.

*Thomas M. Elcock* (*Thomas C. Federico* with him) for Suf-
folk Construction Company, Inc.

*Brooke P. Seliger* for L.D. Russo, Inc.

JACOBS, J. Once again we are asked to interpret a contrac-
tual indemnification clause under G. L. c. 149, § 29C. The
plaintiff, an employee of L.D. Russo, Inc. (Russo), was injured
in 1990 at a construction site in New Braintree where Suffolk
Construction Company, Inc. (Suffolk), was the general
contractor under a contract with the Commonwealth. The
plaintiff filed suit against Suffolk and Suffolk impleaded
Russo, claiming a right to indemnification under a subcon-
tract. A Superior Court judge, responding to motions for
summary judgment and declaratory judgment, declared the
indemnity clause void. Suffolk appeals from that judgment.
We affirm.

1. *Validity of the indemnification provision.* The primary focus of review of indemnity obligations properly is on the language of the provision rather than the facts of the accident or assessment of the parties' fault. See *Callahan* v. *A.J. Welch Equip. Corp.*, 36 Mass. App. Ct. 608, 611 (1994). Suffolk relies upon the following express indemnification[1] language contained in its contract with the Commonwealth and made applicable to Russo by the subcontract:

> "The contractor shall assume the defense of, and indemnify and save harmless, the Commonwealth . . . from all claims relating to labor performed or furnished and materials used or employed for the work; . . . to injuries to any person or corporation received or sustained by or from the contractor and his employees, and subcontractors and employees, in doing the work, or in consequence of any improper materials, implements or labor used or employed therein; and to any act, omission or neglect of the contractor and his employees therein."

General Laws c. 149, § 29C, as amended by St. 1986, c. 557, § 135, declares void "[a]ny provision . . . which requires a subcontractor to indemnify any party for injury to persons . . . not caused by the subcontractor or its employees." We agree with the judge's conclusion that:

> "In the present case, the indemnity clause in the General Contract requires the subcontractor to indemnify the contractor for 'claims relating . . . to injuries to any person . . . received or sustained by or from the contractor and his employees . . . in doing the work or in consequence of any improper materials, implements, or labor used or employed therein' [and, therefore, that this provision] does not require that the injury be caused, either in whole or in part, by the subcontractor. Rather, the subcontractor could be required to indemnify the general contractor for personal injuries exclusively caused by the general contractor's own negligence."

---

[1]In his decision, the judge also rejected Suffolk's claim that Russo implicitly agreed to indemnify it. Suffolk does not challenge this ruling on appeal.

42 Mass. App. Ct. 591                  593

Bjorkman v. Suffolk Construction Company, Inc.; L.D. Russo, Inc.

The judge also correctly stated:

> "Further, the indemnity clause in the present case is far more sweeping than the clause upheld in *Callahan* [v. *A. J. Welch Equip. Corp.*, 36 Mass. App. Ct. 608]. Russo's obligation to indemnify Suffolk is not limited to injuries resulting from Russo's own negligence, acts, or omissions, but rather extends to injuries which may have resulted exclusively from the acts of the general contractor. Therefore, due to the distinctive language in the instant indemnity clause, *Callahan* . . . does not dictate the result of this case."[2]

We adopt the same reasoning and conclude the indemnification clause violates the statute and is unenforceable. Cf. *Harnois* v. *Quannapowitt Dev., Inc.*, 35 Mass. App. Ct. 286, 288-289 (1993).[3]

Suffolk further claims that there is saving language in one of the subcontract paragraphs sufficient to escape any nullify-

---

[2]Embodied within the indemnity clause in *Callahan* v. *A. J. Welch Equip. Corp.*, *supra* at 609 n.3, was the following: "To the fullest extent permitted by law, Subcontractor shall . . . indemnif[y] . . . against any and all claims . . . resulting from the negligence or any act or omission of Subcontractor . . . or arising out of or in any way connected with the performance . . . [of] Work by Subcontractor."

[3]Compare the wording determined not to violate § 29C in other decisions: *Transamerica Ins. Group* v. *Turner Constr. Co.*, 33 Mass. App. Ct. 446, 447 & 449 n.3 (1992) (a provision requiring subcontractor to indemnify for all liability "arising out of or occurring in connection with the execution of the Work," complied with the statute where other language expressly precluded indemnification for instances of sole negligence of indemnified parties); *M. DeMatteo Constr. Co.* v. *A.C. Dellovade, Inc.*, 39 Mass. App. Ct. 1, 3 (1995) (indemnification for all claims arising "out of or in consequence of performance of the subcontractor's work" properly limited obligation to indemnify to cases where there is a causal connection between the injury and the subcontractor's work). See *Herson* v. *New Boston Garden Corp.*, 40 Mass. App. Ct. 779, 781-782 (1996) ("Subcontractor . . . shall indemnify . . . Contractor . . . from . . . claims . . . in any manner directly or indirectly caused, occasioned or contributed to in whole or part, . . . by reason of any act, omission, fault or negligence whether active or passive of Subcontractor."); *Collins* v. *Kiewit Constr. Co.*, 40 Mass. App. Ct. 796, 797 n.2 (1996) (subcontractor agreed to indemnify for "claims . . . on account of acts or omissions of Subcontractor . . . whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder," unless "caused by sole negligence" of such a party and unless otherwise provided in the prime contract).

ing effect of the statute.[4] It argues that the words "except to the extent that provisions contained [in the contract documents] are by their terms or by law applicable only to the Contractor," require that any language violative of § 29C be construed as limited to Suffolk and, therefore, not incorporated into Russo's subcontract. Again, the judge correctly dealt with this argument. He stated that "[i]n the present case, unlike Callahan [v. A.J. Welch Equip. Corp., 36 Mass. App. Ct. 608], the purported saving language [in the subcontract] is not located directly within the indemnity provision of the General Contract . . . . Thus, it is questionable whether the parties could have intended the language . . . to serve as saving language for the indemnity clause . . . ." The judge's conclusion is supported by the circumstance that the language relied upon by Suffolk is taken from the form of subcontract in G. L. c. 149, § 44F. That language, "except to the extent that provisions contained therein are . . . by law applicable only to the Contractor," predates § 29C[5] and thus could not have contemplated indemnification provisions which later might run afoul of § 29C. There is no claim or evidence that, as signatories to the subcontract in the statutory form, the parties sought to apply curative language to the indemnification provision in order to avoid the strictures of § 29C. No assertion is made that any issue of intent should preclude summary judgment in the circumstances.

2. *The duty to defend.* Finally, Suffolk claims that "the indemnity agreement . . . requires . . . Russo to provide a

---

[4]The provision provides, in relevant part:

"The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and Addenda No. 1, 2 and 3, and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the Commonwealth of Massachusetts Division of Capital Planning & Operations, hereinafter called the 'Awarding Authority,' except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor."

[5]This language is part of paragraph 1(a) of the statutory form of subcontract in G. L. c. 149, § 44F, which appears in St. 1960, c. 771, § 3, and remains unchanged in the current statute, as amended by St. 1995, c. 138, § 1. General Laws c. 149, § 29C, was inserted by St. 1984, c. 484, § 43.

defense" in the underlying action and, without citation to authority, asserts that the obligation to defend "is imposed irrespective of whether the indemnity agreement is enforceable under [the statute]." Suffolk did not raise below this issue of independent duty to defend. Cf. *Royal Indemn. Co.* v. *Blakely,* 372 Mass. 86, 87-88 (1977). It also fails to cite relevant authority or engage in reasoned appellate argument on the point and we, therefore, do not consider it. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

*Judgment affirmed.*