Travers, J.
On June 12, 1997, the Third-Party Defendant, Dwight Foote, Inc. (Dwight Foote) filed a motion for summary judgment on the Third-Party Complaint in this case. In support of its motion, Dwight Foote argues that the provisions of the contract between Barbato and Dwight Foote that Barbato seeks to enforce do not set forth a provision for indemnity. A hearing was held on September 19, 1997. The Third-Party Plaintiff, Barbato Construction Company, Inc. (Barbato), opposed the motion for summary judgment.
For the following reasons, Dwight Foote’s Motion for Summary Judgment is hereby ALLOWED as to Count I. However, since Count II is unclear, the parties are given leave to file supplemental memoranda as set forth below.
BACKGROUND
The facts in this case are not disputed. In 1992,[2] Barbato was the general contractor on a construction project for the ADAL Munitions Maintenance and Storage Facility at Otis Air Force Base in Falmouth, *694 Massachusetts. As a result of a subcontract executed between Barbato and Dwight Foote (the Dwight Foote Contract), Dwight Foote was responsible for furnishing labor and materials to complete the conveying systems at the Air Force Base.
The plaintiff, Robert Merryman (Menyman) was an employee of Dwight Foote. On June 12, 1992, while working for Dwight Foote, Merryman fell from a scaffolding to the concrete floor below. As a result of his fall, Merryman alleges that he sustained permanent and disabling injuries.
Menyman filed a complaint in the Worcester Superior Court, naming as defendants Barbato (the general contractor), and K.J. Lawless Corporation (Lawless), the owner of the scaffold. The first count of the complaint alleges general negligence by Barbato, while the second count alleges negligence by Lawless in the erection and maintenance of the scaffold from which Menyman fell.
On January 24, 1996, Barbato was granted leave to file a third-parly complaint. The third-party complaint was filed on February 6, 1996, naming Dwight Foote as the third-party defendant. Relying upon the language set forth in the Dwight Foote contract,[3] Barbato’s Third-Party Complaint seeks indemnification from Dwight Foote for any and all sums that Barbato may be required to pay as a result of the Menyman Complaint. Count I of the Third-Party Complaint alleges that an express indemnification provision exists.[4] Count II alleges that, if Merryman prevails on his Complaint, Dwight Foote is solely responsible for any negligence at the construction site and thus must indemnify Barbato.
In support of its motion for summary judgment, Dwight Fóote argues that the language of the Dwight Foote contract does not rise to the level of an express indemnification, nor is there grounds for an implied indemnification. Barbato alleges that the contract language sets forth the terms of express indemnification, and, failing that, there is support for implied indemnification.
DISCUSSION
A. Summary Judgment Standard
This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears “the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989)
As stated above, the material facts are not in dispute. The parties argue over points of law involving contract interpretation. See, Lumber Mut. Ins. Co. v. Zoltek Corp., 419 Mass. 704, 707 (1995)
B. COUNT I — INDEMNIFICATION
To determine whether there is an obligation of express or implied indemnification, this Court must interpret the language of the provision within the contract between Barbato and Dwight Foote. The ordinary and plain meaning is applied to the language of the contract. Kelly v. Dimeo, Inc., 31 Mass.App.Ct. 626, 629 (1991). A court will not read into a contract a provision of indemnification which is “not bargained for by the parties.” Fall River Housing Auth. v. H.V. Collins Co., 414 Mass. 10, 15 (1992).
Contract provisions which impose the duly to indemnify upon a party are construed without bias to either party. Urban Investment & Development Co. v. Turner Constr. Co., 35 Mass.App.Ct. 100, 107 (1993). Indemnification provisions are “interpreted like any other contract, with attention to language, background, and purpose.” Herson v. New Boston Garden Corp., 40 Mass.App.Ct. 779, 782 (1996) (citations omitted).
The present case involves a subcontractor-general contractor relationship. It is important to note at the outset that the subcontractual relationship of the parties “does not itself imply a right to indemnification as a matter of law.” Greater Boston Cable Corp. v. White Mountain Cable Constr. Corp., 414 Mass. 76, 79 (1992)
1. Express Indemnification
Barbato argues that the contract contains an express indemnification clause. Barbato relies upon the language quoted in footnote 3, supra, to support its contention. Dwight Foote points out that the provision does not contain any specific indemnity language.
In determining whether language in a contract arises to the level of express indemnification, the court will fairly and reasonably interpret the language “to ascertain the intention of the parties and to effectuate their purpose.” Whittle v. Pagani Bros. Constr. Co, Inc., 383 Mass. 796, 798 (1981). Under Massachusetts law, a right to indemnification based in contract will be upheld when a valid contract exists which expressly or by fair implication sets forth language of indemnification. Kelly, 31 Mass.App.Ct. at 628 (citations omitted).
In a case where the contractor sought indemnification solely on an express indemnification theory, the Supreme Judicial Court interpreted language identical to that contained in the Dwight Foote contract as imposing an obligation on the subcontractor to indemnify the contractor. Whittle at 796. The Court stated that
the natural reading of the subcontract language is to impose the same obligations on the subcontractor to indemnify the contractor against claims arising out of the performance of the subcontract as the main contract imposes on the contractor to indemnify the town against claims arising out of the performance of the main contract.
Id. As the language of the indemnification provision in Whittle is identical to that in the present case, it is not difficult to conclude at first blush that Dwight Foote *695 is obligated to indemnify Barbato under the express terms of their contract.
Notwithstanding the outcome required by Whittle, the matter is not so easily disposed of in this case. Three years after Whittle, Massachusetts enacted G.L.c. 149, §29C in 1984 as an attempt to avoid harsh and unfair burdens being placed on subcontractors. See, Miley v. Johnson & Johnson Orthopaedics Inc., 41 Mass.App.Ct. 30, 32 (1996) (G.L.c. 149, §29C “was enacted to curtail the extent of the indemnify provisions that general contractors required of subcontractors). Section 29C[5] states in pertinent part as follows:
Any provision for or in connection with a contract for construction.which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.
G.L.c. 149, §29C (West 1997).
Case law interpreting this statute directs the courts to examine not the outcome of an underlying tort liability-suit, but rather the language of the indemnification provision itself to determine whether it is nullified by virtue of the statute. Harnois v. Quannapowitt Devel. Corp., 35 Mass.App.Ct. 286, 288-89 (1993). “[A] contractual obligation to indemnify is void whenever it provides for indemnification by a subcontractor regardless of the fault of the indemnitee, or its employees, agents or subcontractors, and this is so even if the indemnitee could prove at trial that the injured employee of the subcontractor was negligent.” Id.[6] See also, Spaulding v. Beacon Hotel Corp., 42 Mass.App.Ct. 923, 924 (1997) (“Section 29C . . . validates indemnify provisions which are limited to those instances where the acts of the indemnitor . . . caused the injury”).
Having already determined that the contract language contains an express provision of indemnification, it is necessary to determine whether this express provision survives analysis under G.L.c. 149, §29C. The Dwight Foote contract must be construed in light of any referenced documents. See, Chase Commercial Corp. v. Owen, 32 Mass.App.Ct. 248, 251 (1992). The express indemnification provision in Dwight Foote’s contract refers to and relies upon the following language from the underlying contract between Barbato and the U.S. Property and Fiscal Office (U.S. contract): “1.90 Permits and Responsibilities ... The Contractor shall also be responsible for all damages to persons or property that occur as a result of the Contractor’s fault or negligence, and shall take proper safety and health precautions to protect the work, the workers, the public, and the property of others . . .”
Again, this Court gives the above language fair and ordinary meaning. Kelly, 31 Mass.App.Ct. at 629. The U.S. contract clause does not refer to any negligence of the subcontractor, and under the standards of contract interpretation (and absent evidence to the contrary), it cannot be stated that Barbato and the U.S. Property and Fiscal Office intended to imply negligence by the subcontractor into the U.S. contract language. The effect of the Dwight Foote contract, as read together with the U.S. contract, is to require Dwight Foote to assume all obligations and responsibilities that Barbato may have to the U.S. Property and Fiscal Office, including the obligation to indemnify the U.S. Property and Fiscal Office for any damages resulting from “the Contractor’s fault or negligence.” The language of the Dwight Foote contract, read with the U.S. contract, makes the indemnification provision susceptible to the interpretation that Dwight Foote must indemnify Barbato for damages which result from Barbato’s own negligence, despite a finding that Dwight Foote or its employees were not negligent. It is this type of provision which G.L.c. 149, §29C attempts to curtail. As such, the express indemnification clause in the Dwight Foote contract is void.
In a recent case addressing the validity of language identical to that set forth in the Dwight Foote contract, the Massachusetts Appeals Court declared the clause void under G.L.c. 149, §29C. See, Bjorkman v. Suffolk Constr. Co., Inc., 42 Mass.App.Ct. 591, 592, 593 (1997). Interpreting the subcontract language together with the underlying contract language,[7] the Court affirmed the Superior Court’s conclusion that “the subcontractor would be required to indemnify the general contractor for personal injuries exclusively caused by the general contractor’s own negligence.” Id. at 592.
The provision set forth in the U.S. contract here is broader and more generalized than that set forth in the underlying contract language in Bjorkman. The U.S. contract refers only to the Barbato’s negligence, while the Bjorkman contract references the actions of the contractor and the subcontractor, and their employees. Based upon the limited scope of the language struck down by the Appeals Court, it is not difficult for this Court to declare void under G.L.c. 149, §29C the Dwight Foote contract provision, as it sweeps much broader than that in Bjorkman.
Barbato cannot rely upon the conditional phrase in the Dwight Foote contract “except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor” as a savings clause to prevent this result. The Bjorkman Court expressly rejected the contention that such language saves the indemnification provision as applied to the subcontractor. Bjorkman, 42 Mass.App.Ct. at 594. As grounds for this conclusion, the Court stated that the parties could have inserted the language directly into the subcontract to show an intent to create a savings clause. Id. Further, because the standard language used in the subcontract (and as used in the Dwight Foote contract) is derived from statutory language set forth in G.L.c. 149, §44F (which predates §29C), the Legislature in enacting §44F “thus could not have contemplated indemnification provisions which later might run afoul of §29C." Id.
*696 The Bjorkman decision is controlling in this case. Because the Dwight'Foote contract contains language which would lead to the interpretation that Dwight Foote is obligated to indemnify Barbato for damages irrespective of its own negligence, the provision is void under G.L.c. 149, §29C. In addition, the excepting language contained within the Dwight Foote contract does not save the indemnification provision from nullification.
The Court is aware that where commercial parties voluntarily enter into contractual agreements, such agreements “are not to be lightly set aside on the ground of public policy or because as events have turned it may be unfortunate for one party.” Kelly, 31 Mass.App.Ct. at 630, quoting, Crimmins & Pierce Co. v. Kidder Peabody Acceptance Corp., 282 Mass. 367, 379 (1933). However, it is apparent in this case that the indemnification provision must be voided under G.L.c. 149, §29C.
2. Implied Indemnification
Where express indemnification provisions fail or are not included within the underlying contract, an implied provision of indemnification may arise to require indemnification. Fall River Housing Auth., 414 Mass. at 14. For a claim of implied indemnification to succeed, there must be a valid underlying contract between the parties. H. P. Hood & Sons, Inc. v. Ford Motor Co., 370 Mass. 69, 77 (1976).
Implied indemnification is recognized only where the parties stand in a relationship where special factors are present. Id. The special factors of the relationship must “indicate an intention by one party to indemnify another in a particular situation.” Id. (citations omitted). See also, Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A., 395 Mass. 366, 375 (1985), quoting, Decker v. Black Decker Mfg. Co., 389 Mass. 35, 38 (1983) (an implied right to contractual indemnity arises only when there are special factors requiring indemnification, showing “that the parties intended that the putative indemnitor bear the ultimate liability” or where a special relationship lies between the parties).
While the case law does not specify what the “special factors” entail, three criteria are common to each case involving implied indemnification and all must be present for such a claim to succeed. See, Nicholas P. Alexander, Developments in Indemnity Law: Express, Implied contractual, Tort-Based and Statutory, Mass.L.Rev. 50, 54 (1994). Alexander identifies these three criteria as follows: “First, the allegations of the injured party must speak solely to the conduct of the indemnitor: second, the indemnitor must exercise complete control or responsibility over the acts and/or instrumentality causing the injury: and third, there must be no independent culpability." Id. (citations omitted) (emphasis in original).
In the present case, Barbato cannot overcome the first element. The injured party’s complaint must allege that the indemnitor’s conduct caused the injuries. Id. Merryman’s complaint does not name Dwight Foote as a defendant, nor does it inculpate Dwight Foote’s conduct as being the cause of his injuries. As such, the special factors requirement is not met.[8]
In addition to being devoid of special factors, Barbato’s implied indemnification claim fails because the general contractor-subcontractor relationship has yet to be recognized as one in which there are special factors giving rise to an implied indemnification duty. Fall River Housing Auth., 414 Mass. at 14, 15. Where the language of the indemnification provision is “too vague to give evidence of an intent by [the subcontractor] to indemnify [the general contractor],” there can be no implied indemnification. Id.
Merryman’s own negligence as an employee of Dwight Foote will also not give rise to Barbato’s right to indemnification by Dwight Foote. Although the injured party may be negligent, the party which was named a defendant in a cause of action to recover for such injuries may not receive indemnification from the employer of the injured party by virtue of the employee’s negligence. Greater Boston Cable Corp., 414 Mass. at 79. See also, Fireside Motors, Inc., 395 Mass. at 370 (a negligent actor cannot seek indemnification from another negligent actor, citing, Rathbun v. Western Mass. Elec. Co., 395 Mass. 361, 364 (1985)); Kelly, 31 Mass.App.Ct. at 628 (“However, if the indem-nitee itself is negligent, the indemnitor is not obligated to indemnify under a claim of implied contractual indemnification”) (citations omitted).
C. COUNT II — NEGLIGENCE
Dwight Foote’s Motion for Summary Judgment seeks judgment as a matter of law on both counts of the Third-Party Complaint. However, it is unclear from the Third-Party Complaint itself, and from the memo-randa submitted by the parties, exactly what theory of law is set forth in Count II.[9] Dwight Foote addresses Count II in one two-sentence paragraph in its memorandum, while Barbato does not address it at all.
Therefore, the Court will allow the parties to submit supplemental memoranda of law, not to exceed five (5) pages, setting forth their arguments in support of or in opposition to Dwight Foote’s motion for summary judgment only relating to Count II of the Third-Party Complaint. The memoranda must be submitted within ten (10) days of the date of this Memorandum of Decision.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Third-party Defendant, Dwight Foote, Inc.’s Motion for Summary Judgment is ALLOWED as to Count I of the Third-Party Complaint.
It is further ORDERED that the parties are given 10 days leave from the date of this Memorandum of Decision to file supplemental memoranda, not to exceed 5 pages, addressing only Count II of the Third *697 Parly Complaint. No further filings or hearings will be allowed on this matter.

 It is unclear from the record when the construction project began. This fact, however, is not material to the case.

 The relevant language of the contract states as follows: “1 . . . (a) The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and addenda No. 0001, 0002, 0003, 0004, 0005, and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the U. S. Property and Fiscal Office hereinafter called the ’’Awarding Authority," except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor." (Emphasis added.)

 Because Barbato inserted language which, given a fair reading, would indicate that an implied indemnity claim is part of Count I, this Memorandum addresses both express and implied indemnification. See, Attorney General v. Bailey, 386 Mass. 367, 371 (1982) (inferences to be drawn from the underlying facts must be viewed in a light most favorable to the nonmoving party): Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991), citing, Nader v. Citron, 372 Mass. 96, 98, 104 (1977) (any inferences drawn from a pleading should be “construed so as to do substantial justice").

 Amended by St. 1985, c. 228, §3 and St. 1986, c. 557, §135.

 The following cases set forth limiting language of the contract which spared the indemnification provision: Herson, 40 Mass.App.Ct. at 786, 787 (subcontractor liable for damages “in any manner directly or indirectly ... or claimed to be caused, occasioned or contributed to in whole or in part, by reason of any act, omission, fault or negligence, ... of Subcontractor”); M. DeMatteo Constr. Co. v. A.C. Dellovade, Inc., 39 Mass.App.Ct. 1, 3 (1995) (language required a causal, connection between the injury and the subcontractor’s work); Callahan v. A.J. Welch Equip. Corp., 36 Mass.App.Ct. 608, 609 (1994) (indemnity clause limited to subcontractor’s own “negligence or any act or omission of subcontractor or his agents”). See also, Bjorkman v. Suffolk Constr. Co., Inc., 42 Mass.App.Ct. 591, 593, n.3 (1997).
Compare the following, in which the language of the indemnity provisions was held void under the statute: Miley, 41 Mass.App.Ct. at 33 (indemnification clause holding subcontractor liable for damages resulting from its presence alone); Harnois, 35 Mass.App.Ct. at 288, 289 (language requires subcontractor to indemnify general contractor for damages which may not result from the fault of the subcontractor or its agents).

 The underlying contract language in Bjorkman stated ‘The contractor shall assume the defense of, and indemnify and save harmless, the commonwealth . . . from all claims ... to injuries to any person or corporation received or sustained by or from the contractor and his employees, and subcontractors and employees, in doing the work . . .” Id. at 592.

 Because Barbato cannot meet even the first criteria, this Court need not address the remaining two factors.

 The Court is unable to determine whether Count II is an implied indemnification count, or whether Count II states that Barbato is not negligent, rather, Dwight Foote is negligent and Barbato will prove Dwight Foote’s negligence at trial.