Fecteau, J.
Plaintiff, Denis J. Riordan and Kathy Ann Riordan (the “Riordans”) brought this action to recover for injuries Denis J. Riordan allegedly sustained during a construction accident as a result of John T. Callahan & Sons’ (“Callahan”) negligence and carelessness. Callahan filed a third-party complaint against Greenwood Industries, Inc. (“Greenwood”) seeking indemnification with respect to any liability Callahan may incur. Greenwood has filed this motion for summary judgment on Callahan’s cross claim for indemnification. Greenwood asserts that under G.L.c. 149, §29C (1996 ed.), the indemnification clause on which Callahan bases its claim is void as a matter of law. Greenwood has moved for summary judgment pursuant to Mass.R.Civ.P. 56(c). For the reasons stated below, Greenwood’s motion for summary judgment is ALLOWED in part and DENIED in part.

BACKGROUND

This case arises out of claims for injuries allegedly sustained during a construction accident. The original plaintiffs in this action, the Riordans, filed and served a complaint against the general contractor, Callahan, alleging carelessness and negligence on the job site, including the allowance of roofing to take place under inappropriate conditions and without appropriate *643 safety precautions, resulting in an injury to Denis Riordan on February 12, 1997. Callahan filed a third-party complaint against the subcontractor, Greenwood, seeking indemnification. The plaintiff, Denis Riordan, was employed by Greenwood at the time of the accident. Callahan bases this claim on a construction contract entered into with Greenwood on April 30, 1996. In the agreement of subcontract, Greenwood assumed all obligations to Callahan that Callahan assumed to the owner and architect in Callahan’s agreement with the owner.

DISCUSSION

To prevail on summary judgment, the moving party must establish that there is no genuine issue of material fact on every element of a claim and that it is entitled to judgment on that claim as a matter of law. See generally Mass.R.Civ.P. 56(c); Highlands Insurance Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party has established the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its “pleadings and mere assertions of disputed facts ...” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Rather, the non-moving party must respond by alleging specific facts demonstrating the existence of a genuine issue of material fact. Pederson v. Time, Inc., supra at 17.
The issue in this case is whether the indemnification clause under which Callahan seeks indemnity from Greenwood is enforceable. The Massachusetts Appeals Court has held that an indemnity clause which places sole responsibility on the subcontractor regardless of fault is prohibited under G.L.c. 149, §29C. Callahan v. A.J. Welch Equipment Corporation, 36 Mass.App.Ct. 608, 611 (1994); Harnois v. Quannapowitt Development, 35 Mass.App.Ct. 286, 288 rev. denied, 416 Mass. 1106 (1993). See also Sciaba Construction Corporation v. Frank Bean Inc., 43 Mass.App.Ct. 66, 69 (1997), and Bjorkman v. Suffolk Construction Co., Inc., 42 Mass.App.Ct. 591, 593 (1997).
G.L.c. 149, §29C reads as follows:
Any provision for or in connection with a contract for construction ... which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.
G.L.c. 149, §29C was enacted to limit the extent of the indemnity provisions that general contractors required of subcontractors. Miley v. Johnson & Johnson Orthopaedics, Inc., 41 Mass.App.Ct. 30 (1996). See also M. DeMatteo Constr. Co. v. A.C. Dellovade, Inc., 39 Mass. App. Ct. 1, 3-4 (1995); Callahan, supra at 611-12.
Even if the subcontractor did cause the injury or damage, it cannot be compelled to indemnify if the indemnification clause fails by its terms to distinguish between the negligent acts of the subcontractor and the negligent acts of others. See Harnois, supra at 288. Thus, if an indemnification clause fails to make a distinction based on fault, the clause is unenforceable. Id.
In this case, the indemnification clause at issue reads;
The Contractor shall take all responsibility for the Work and take all precautions for preventing injuries to persons and property in or about the Work; shall bear all losses resulting from or on account of the amount or character of the Work. The Contractor shall pay or cause payment to be made for all labor performed or furnished and for all materials used or employed in carrying out this Contract. The Contractor shall assume the defense of, and indemnify and save harmless, the Architect, Owner, the Department and their officers and agents from all claims relating to: labor performed or furnished and materials used or employed for the Work; inventions, patents and patent rights used in and in doing the Work unless such patent infringement is due to a product or process specified by the Owner; injuries to any person or corporation received or sustained by or from the Contractor and any employees, and Subcontractors and employees, in doing the work, or in consequence of any improper materials, implements or labor used or employed therein; and any act, omission, or neglect of the Contractor and any employees.
The clause is contained in the contract formed between Callahan and the Town of Oxford. It applies to Greenwood through a clause in the subcontract between Greenwood and Callahan:
(a) The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans; specifications (including all general conditions stated therein) and Addenda No(s) 1 & 2, and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the Town of Oxford *644 Housing Authority hereinafter called the “Awarding Authority,” [sic] except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.[1]
The clause fails to restrict Greenwood’s contractual obligation to indemnify for injury or damage for which it is somewhat responsible. Specifically, the indemnification clause requires Greenwood to indemnify for “injuries . . . received or sustained by or from the Contractor and any employees, and Subcontractors and employees, in doing the Work, or in consequence of any improper materials, implements or labor used or employed therein; and any act, omission, or neglect of the Contractor and any employees.”
In Bjorkman v. Suffolk Construction Co., Inc., 42 Mass.App.Ct. 591, 593 (1997), the Appeals Court held as invalid an indemnification clause nearly identical to the one at issue. In that case, the Appeals Court agreed with the trial court’s finding that the contractual requirement that the subcontractor indemnify the contractor for injuries “received or sustained by or from the contractor and his employees ... in doing the work or in consequence of any improper materials, implements, or labor used or employed therein” violated G.L.c. 149, §29C because it did not require that the injury be caused, either in whole or in part, by the subcontractor. Id.
Callahan argues that Bjorkman does not, in fact, dictate that the subject indemnification clause is invalid. Rather, Callahan asserts that even if one provision of the indemnification clause is invalid, that fact alone does not render the entire clause invalid. In support of this argument, Callahan points to the fact that the Appeals Court in Bjorkman only considered the third indemnification provision of the clause and not the fourth provision, which, as in this case, required the subcontractor to indemnify the contractor for injuries caused by “any act, omission or neglect of the [subcontractor] and [its] employees.” Id. at 592. As the Bjorkman court never considered the validity of the fourth indemnification provision, which limited the subcontractor’s liability, the case cannot stand for the proposition that such a provision violates G.L.c. 149, §29C. A close reading of the case, however, does not support Callahan’s contention. Rather, the Appeals Court held the entire clause invalid because the subcontractor could be required to indemnify the general contractor for injuries caused solely by the general contractor. Bjorkman, 42 Mass.App.Ct. at 592. (Emphasis added.) The language of the clause was far too sweeping, and therefore, violated G.L.c. 149, §29C. Id.
Nothing in the language of the indemnification clause at issue limits Greenwood’s liability to injuries resulting from its own negligence, acts or omissions, and therefore, is unenforceable under G.L. 149, §29C. Accordingly, summary judgment should be granted with respect to Greenwood’s duty to indemnify.
Callahan further argues that Greenwood still has a duty to defend Callahan because the clause not only requires Greenwood to indemnify Callahan, but it also requires Greenwood to “assume the defense of’ Callahan. By its plain language, G.L.c. 149, §29C is not applicable to Greenwood’s obligation to defend Callahan. G.L.c. 149, §29C is limited to contractual duties to indemnify and does not apply to contractual duties to defend. Herson v. New Boston Garden Corporation, 40 Mass.App.Ct. 779, 787 (1996) (finding that as the indemnity provision in question provided that the subcontractor had a duty to defend the general contractor, as well as indemnify it, the duty to defend was a duty independent of and broader than the duty to indemnify). The Herson court noted that G.L.c. 149, §29C makes no reference to the “duty to defend” undertakings, and presumed that, had the legislature intended to encompass the often utilized “duty to defend” provisions within the protective ambit of Section 29C, it “would have said so expressly.” Id. at 787. Therefore, pursuant to the parties’ subcontract, Greenwood has an enforceable duty to defend Callahan.
ORDER
For the reasons stated above, it is hereby ORDERED that third-party defendant Greenwood’s motion for summary judgment is ALLOWED in part and DENIED in part.

 In Bjorkman, the trial judge stated that “the purported saving language [in the subcontract] is not located directly within the indemnity provision of the General Contract . . . Thus, it is questionable whether the parties could have intended the language to serve as saving language for the indemnity clause . . .