Fecteau, Francis R., J.

INTRODUCTION

Plaintiff, Southworth Milton, Inc. (“Southworth”), brought this breach of contract complaint against defendant, Pytko Construction Corp. (“Pytko”). Specifically, Southworth asserts that Pytko is responsible for property damage to equipment it rented from Southworth pursuant to a written lease (“the Lease”) between the parties. In contrast, Pytko argues that the Lease provision pertaining to equipment damage is an unenforceable indemnity clause pursuant to G.L.c. 149, §29C. Southworth now moves for summary judgment pursuant to Mass.R.Civ.P. 56. For the following reasons, plaintiffs motion is ALLOWED.

BACKGROUND

On or about April 20, 2004, Pytko rented a Caterpillar 345 BL excavator (“the excavator”) from Southworth pursuant to the Lease. Pursuant to the Lease terms, Pytko agreed to “use and preserve the equipment in a careful, lawful and proper manner and [was] . . . responsible for any loss or damage thereto from any cause whatsoever.” (Emphasis added.) The parties also agreed that the excavator’s “Total Value” was set at $155,000 “for the purpose of determining [Pytko’s] obligations for reimbursement of [Southworth] in the event of loss, damage, or destruction of the equipment.”
On September 28, 2004, while in Pytko’s use on a job site in Holden, Massachusetts, the excavator caught fire and was completely destroyed. Pursuant to the Lease terms, Southworth thereafter sought reimbursement from Pytko for the full amount of the excavator. After Pytko refused to make any payments for the property damage, Southworth initiated this complaint and now moves for summary judgment. Southworth asserts that it is entitled to summary judgment as a matter of law because there are no genuine issues of material fact pertaining to the Lease agreement between the parties. Pytko argues that, in essence, Southworth’s reliance on the Lease’s loss provision was a disguised indemnity clause that is unenforceable as a matter of law. The court disagrees, and for the following reasons, enters judgment in favor of Southworth.

DISCUSSION

I. Summary Judgment Standard

Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The non-moving party cannot conjure up genuine issues of material fact or merely rely on the allegations or denials of her'pleading. See Mass.R.Civ.P. 56(e). *660 Conclusoiy statements, general denials, and allegations not based on personal knowledge are insufficient to avoid summaiy judgment. Madsen v. Erwin, 395 Mass. 715, 721 (1985). Rather, the non-moving party bears the burden of introducing enough countervailing data to demonstrate the existence of a genuine issue for trial. See Wooster v. Abdow Corp., 46 Mass.App.Ct. 665, 673 (1999).

II. The Lease

The interpretation of an unambiguous written contract, including a lease, is a question of law decided by the court. Allstate Ins. Co. v. Bearce, 412 Mass. 442, 446-47 (1992). When a contract (or lease) has terms that are uncertain, ambiguous, or equivocal in meaning, the intent of the parties is uncertain, and a question of fact remains which is reserved for trial. Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002). “[T]he court is to construe the contract as a whole, in a reasonable and practical way, consistent with its language, background and purpose.” USM Corp. v. Arthur D. Little Sys., Inc., 28 Mass.App.Ct. 108, 116 (1989). The court will interpret the language used in a written contract “in its ordinary and usual sense” and will infer the probable intent of the parties therefrom. Kotlerv. Spaulding, 24 Mass.App.Ct. 515, 517 (1987). See also Freelander v. G.&K. Realty Corp., 357 Mass. 512, 516 (1970) (words used in a contract are given their plain meaning).
Here, Pytko chiefly relies, as concerns the issue of its liability, on the application of G.L.c. 149, §29C to shield it from exposure to liability under the contact for the damaged excavator it rented from Southworth and despite the plain meaning of the contract language within the Lease. The court finds Pytko’s argument unpersuasive because G.L.c. 149, §29C is inapplicable to the underlying facts of this case.
G.L.c. 149, §29C states, in relevant part that:
Any provision/or or in connection with a contract for construction, reconstruction, installation, alteration, remodeling, repair, demolition or maintenance work, . . . which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents of subcontractors, shall be void.
Id. (emphasis added). Massachusetts courts have not applied G.L.c. 149, §29C to cases like this one involving a mere equipment lease between two independent parties. Instead, the courts have only applied the statute to those cases which are, in fact, “in connection with a contract for construction” as the statute reads on its face. The statute has therefore only been applied to cases involving preexisting underlying construction contracts, whereby privily of contract existed between a general contractor and a subcontractor. See Bjorkman v. Suffolk Constr. Co., 42 Mass.App.Ct. 591, 593 (1997) (indemnification clause void because it required subcontractor to indemnify general contractor for injuries not caused by subcontractor, its employees, agents or subcontractors); Herson v. New Boston Garden Corp., 40 Mass.App.Ct. 779, 782 (1996) (“Subcontractor . . . shall indemnify . . . Contractor. . . from claims ... in any manner directly or indirectly caused, occasioned or contributed to in whole or in part... by reason of any act, omission, fault or negligence whether active or passive of Subcontractor (emphasis added)); Harnois v. Quannanowitt Dev., Inc., 35 Mass.App.Ct. 286, 288-89 (1993) (same).
Moreover, the term “subcontractor" by its very nature presupposes the existence of an underlying general contract. Black’s Law Dictionary defines the term “subcontractor” as “(o]ne who has entered into a contract, express or implied, for the performance of an act with the person who has already contracted for its performance." Id. 5th Edition (emphasis added). Thus, by the plain language of G.L.c. 149, §29C, the statute is only applicable to someone who has already contracted with another (a “subcontractor”) “for or in connection with a contract for construction.” G.L.c. 149, §29C (emphasis added). There is no view of the undisputed facts represented in the motion record at bar by which the plaintiff, as lessor of this equipment, is a party that has a contract for construction. While the equipment may have been intended by the lessee for use in a construction contract, neither the lessor, nor the Lease here involved was part of an underlying construction project, nor were either of the parties “subcontractors” by definition. Instead, the Lease was merely an agreement between two independent parties, a lessor and a lessee, for equipment rental only. Therefore, G.L.c. 149, §29C is inapplicable here and Pytko’s argument fails.
After careful review of the summaiy judgment record, the court finds that the Lease is unambiguous on its face. Therefore, as a matter of law and pursuant to the Lease terms, Pytko agreed to be “responsible for any loss or damage [to the excavator and] from any cause whatsoever." (Emphasis added.) Pytko bargained for this agreement in exchange for the use of the excavator at contract formation; it cannot now assert the contrary to avoid the consequences of the loss. See TAL Financial Corp. v. CSC Consulting, Inc., 446 Mass. 422, 430 (2006) (“[u]nder freedom of contract principles, generally, parties are held to the express terms of their contract”).
Additionally, the parties further agreed to a liquidated damages provision for the total value of the excavator in the event of its total loss. Generally, Massachusetts courts will enforce the validity of a liquidated ■ damages provision unless “the sum is ‘grossly disproportionate to a reasonable estimate of actual damages’ made at the time of contract formation.” Kelly v. Marx, 428 Mass. 877, 880 (1999), quoting Lynch v. Andrew, 20 Mass.App.Ct. 623, 628 (1985). As long as the liquidated damages “clause was a reasonable forecast of damages expected to occur in the event of a breach” Massachusetts courts will en *661 force the provision accordingly. TAL Financial Corp., 446 Mass. at 432. Based on the evidence presented in the record, when Pytko agreed at the formation stage to pay Southworth $155,000 in the event of the excavator’s total loss, and given the likelihood of information in the marketplace accessible by the parties, they were both in an excellent position to ascertain for their own interests whether that sum was an acceptable forecast of damages within the industry; moreover, Pytko neither contends nor implies that it was anything other than an independent and competent business actor in a position to protect itself when the parties bargained and agreed to be bound thereunder. As such, the court finds that the liquidated damages clause is enforceable. See Kelly, 428 Mass. at 881 (court will not decide actual damages post-breach and apply a “second look” approach after the parties have stipulated to reasonable liquidated damages because “they will be taken to mean what they say and will be held to their word,” quoting Guerin v. Stacy, 175 Mass. 595, 597 (1900)).

ORDER

For the reasons stated herein, it is hereby ordered that Plaintiffs Motion for Summary Judgment pursuant to Mass.R.Civ.P. 56 be ALLOWED.